# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                   **Plaintiff,**<br><br>            **v.**<br><br>**APPROXIMATELY 2210.8222 OF SOL CRYPTOCURRENCY**<br>                   **Defendant.** | **Civ. No. 1:24-CV-3375** |

## REQUEST FOR ENTRY OF DEFAULT BY CLERK

By and through its undersigned counsel, the United States of America respectfully requests the Clerk of the Court enter default pursuant to Federal Rule of Civil Procedure 55 against all persons or entities claiming an interest in the Defendant Property for failure to file a timely claim, answer, or otherwise defend this action after notice was provided pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

      1.      On December 3, 2024, the United States filed a sealed verified complaint for forfeiture, alleging that the Defendant Property should be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C). (ECF No. 1).

      2.      The United States identified all known potential claimants and gave notice of this action to the known potential claimant pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(4)(b) requires the United States "to send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b).

3.     Supplemental Rule G(4)(a) also requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).  Beginning on January 20, 2025, the United States began posting notice on an internet site, http://www.forfeiture.gov, for thirty consecutive days—i.e., through February 18, 2025.  *See* Notice & Decl. of Publication (ECF No. 4).  Any verified claim in response to the notice by internet publication had to be filed no later than March 20, 2025.  The deadline to file a claim based on notice by publication has passed without any party filing a claim.

4.     No party filed a claim or answer, and the time to do so has expired.

5.     No party may contest the United States' allegations that the Defendant Property is subject to forfeiture because: (1) there is no claim on record in this action to the Defendant Property; (2) the time for filing a claim has expired; and (3) no person who reasonably appeared to be a potential claimant is an infant or incompetent person.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

*/s/ Rick Blaylock, Jr.*
Rick Blaylock, Jr.
TX Bar No. 24103294
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-6765
rick.blaylock.jr@usdoj.gov